IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| STEVE BRIAN PHERIGO, | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-3029-M1/V |
| FEDERAL BUREAU OF PRISONS, | X | |
| Defendant. | X | |

ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff, Steve Brian Pherigo, prison registration number 28128-044, an inmate at the Federal Prison Camp (FPC),[1] in Millington, Tennessee, who was formerly incarcerated at the Federal Correctional Institution (FCI) in Memphis, Tennessee, filed a complaint under Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971). The Clerk shall file the case and record the defendant as the Federal Bureau of Prisons.

I.   ASSESSMENT OF FILING FEE

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial

---

[1]   The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.


This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-2-05



filing fee and pay the remainder in installments.

In this case, Plaintiff has submitted both an <u>in forma pauperis</u> affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00

2

filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff sues the Bureau of Prisons (BOP) alleging that on September 4, 2002, while working at FCI Memphis collecting trays, he sustained a crush injury to his right hand and his fifth finger was cut off. Plaintiff alleges that he warned his supervisor several times about the unsafe condition of the tray cart. He alleges that he has lost sixty percent of the use of his hand.

Plaintiff alleges that immediately after the accident, he was taken to the infirmary with his right hand wrapped in a towel. He alleges that he held the severed finger in his left hand. Plaintiff alleges that unspecified persons refused to give him any pain medication and, once the bleeding stopped, he was placed in his cell. He believes that it was approximately five hours before he was taken to a hospital emergency room. A physician sewed his finger back on, but advised him that there would have been a better chance of saving it if it had been placed on ice. Plaintiff received a prescription for pain medication and was transported back to FCI Memphis.

Plaintiff alleges that he arrived at FCI Memphis after 10:00 p.m. where he was denied food and his pain medication. A guard advised him that he would have to see the doctor the next day before he could receive his prescribed medication. Because Plaintiff was crying from pain, a guard called the doctor on duty; however, the doctor stated he could do nothing. Plaintiff states he received a pain pill at sick call the next day. Plaintiff alleges that he received the pills four times a day; however, the

4

pills did not relieve his pain and made him sick. He noticed his finger turning black after about one week.

Two or three weeks later, Plaintiff alleges he was taken to an outside doctor who wanted to amputate his finger. Plaintiff states that he was returned to FCI Memphis and five weeks passed before the finger was amputated. He alleges that he only received pain pills for three days after the amputation. He asked about physical therapy; however, none was provided.

Plaintiff seeks compensatory and punitive damages for the "negligent conduct of the [prison] staff immediately following [his] injury." Plaintiff contends that prompt medical attention would have allowed successful reattachment of his finger. He also seeks damages for the "negligence . . . for the treatment . . . when [he] came back from the hospital and the treatment [he] received when [his] finger was turning black and needed to be removed immediately. And finally for the treatment after surgery, which because of the lack of therapy, left [him] with only forty percent use of [his] hand."

The BOP is not a suable entity under federal law, and a suit against the BOP is actually a suit against the United States. Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). The United States can be sued only to the extent to which it has waived its sovereign immunity. United States v. Orleans, 425 U.S. 807, 814 (1976); Feyers v. United States, 749 F.2d 1222, 1225 (6th Cir. 1984); Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 653 F. Supp. 1200, 1206 (E.D. Mich. 1986). A waiver of

5

sovereign immunity cannot be implied but must be unequivocally expressed by Congress. United States v. Mitchell, 445 U.S. 535, 538 (1980); Johnson v. Hubbard, 698 F.2d 286, 290 (6th Cir. 1983); Jahn v. Regan, 584 F. Supp. 399, 406 (E.D. Mich. 1984).

An action under Bivens cannot be brought against the United States. Rather, the Federal Tort Claims Act (FTCA) is the exclusive remedy in tort actions against the United States.[2] 18 U.S.C. § 2679(a). Peak v. Small Business Admin., 660 F.2d 375, 377 (8th Cir. 1981). As the Bivens claims against the BOP and United States are barred by absolute and sovereign immunity, this Court is devoid of jurisdiction over them, and they are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to name the individual officers and medical employees who denied him prompt and/or proper medical treatment as defendants in this complaint. It is well settled that a complaint cannot be commenced against fictitious parties. Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968); see also Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (explaining that a claim naming fictitious "John Doe" defendants does not commence an action and that a subsequent amendment identifying the defendant cannot relate back under Rule 15).

---

[2] Plaintiff may well have an appropriate claim under the FTCA. See Goggin v. U.S., No. 91-2735 (W.D.T.N. Feb. 14, 1995) (granting prisoner damages under the FTCA); see also Wooten v. U.S., 825 F.2d 1039, 1045-1046 (6th Cir. 1987) (finding federal prisoner's claims against the government compensable under the FTCA); Serra v. Pichardo, 786 F.2d 237, 239 (6th Cir. 1986) (noting verdict against U.S. for federal prisoner's injury in prison). Plaintiff must, of course, comply with the administrative claims procedure before bringing a claim in Federal Court under that Act.

6

Because Plaintiff failed to name a proper party as defendant but alleged that he filed an administrative grievance, the Court reviewed the complaint and attachments to determine if a proper defendant was named in Plaintiff's grievance. Plaintiff did not include copies of his grievance or any responses as exhibits to his complaint.

Furthermore, the complaint relates multiple instances of the delay and denial of medical treatment by those unnamed individuals. Plaintiff alleges in conclusory fashion that he completely exhausted the administrative remedy program applicable to Bivens actions by filing a grievance, appealing the warden's response to the regional director, and the warden's response to the general counsel. See C.F.R. §§ 542.10-542.19  However, he fails to state the specific facts of his grievance, the parties named in the grievance, the date he filed his grievance, or the date any response was received.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). In order to comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and

7

> show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002)(prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d at 503-04 (no abuse of discretion for district court to dismiss for failure to exhaust when Plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion).

Plaintiff is not entitled to cure these noted deficiencies by amending his complaint with exhibits or allegations of additional facts under the holding of Baxter, 305 F.3d at 489. To the extent Plaintiff exhausted his claims, he must refile his complaint within the applicable statute of limitations and plead exhaustion with sufficient detail to meet the heightened pleading requirement. Id. If Plaintiff did not exhaust his remedies on all claims or against all defendants, Plaintiff must identify those defendants, exhaust administrative remedies against them, and file any nonfrivolous complaint against them within the one year statute of limitations applicable to Bivens actions. Tenn. Code Ann. § 28-3-104(a).

The only date that appears in the complaint is September 4, 2002. The medical care that Plaintiff received to the hand, by Plaintiff's allegations, concluded within the next three to four months. Plaintiff does not allege the date he filed his grievance or the date that he received a response from the general counsel;

therefore, the Court is unable to determine the exact period of time Plaintiff's statute of limitations was tolled. Plaintiff did not file this complaint until December 6, 2004. Plaintiff's complaint may well be barred by the statute of limitations; however, his injuries were obviously serious. Therefore, the Court will dismiss the Bivens claims, without prejudice, due to Plaintiff's failure to demonstrate the exhaustion of any claim presented against any proper defendant. Plaintiff's allegations are clearly insufficient to satisfy the exhaustion requirements of § 1997e(e). As Plaintiff has not exhausted his administrative remedies, the Court dismisses the complaint under 42 U.S.C. § 1997e(a).

III. APPEAL ISSUES

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Brown v. Toombs also held that an appellate court must also dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements.

Accordingly, if a district court determines that a complaint must be dismissed for want of exhaustion, any appeal of that

9

dismissal would also be subject to immediate dismissal. This Plaintiff seeks to present claims that are barred by sovereign immunity, devoid of jurisdiction, and unexhausted. He would not yet be able to present an issue in good faith on appeal and, thus, any appeal of this action would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner Plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA.

Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this __31__ day of August, 2005.

JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:04-CV-03029 was distributed by fax, mail, or direct printing on September 2, 2005 to the parties listed.

---

Steven Brian Pherigo
FPC-MILLINGTON
28128-044
P.O. Box 2000
Millington, TN 38083--200

Honorable Jon McCalla
US DISTRICT COURT